**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE HOLDINGS, LLC F/K/A | ) | Case No. 22-____ (___) |
| ENTOURAGE COMMERCE, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1356932 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GREENPHARM VENTURES LLC | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-3711513 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE MEDIA, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 86-2256006 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PHARMAPACKS, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0896676 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE VENTURES, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-3351172 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ACCESS BRANDS, LLC, | ) | Case No. 22-____ (___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 86-2378582 | ) |  |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

By this motion (the "Motion"), the above-captioned debtors and debtors in possession (the "Debtors") seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) directing joint administration of the Chapter 11 Cases (as defined below); and (b) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Brian Teets in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed with the Court concurrently herewith.[1]  In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C.

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

§ 157(b).   Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-1(m).

3.      Pursuant to Rule 9013-1(f) of the Local Rules, the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## GENERAL BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee of the District Court of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      Founded in 2010, Packable Holdings, LLC ("Holdings"), together with its affiliated debtors, debtors in possession, and affiliated non-debtors (collectively, "Packable"), is a privately-owned tech-enabled e-commerce company with its principal place of business in Hauppauge, New York.  Packable operates as a third-party seller of health and beauty products on online marketplaces in North America.

7.      As is further discussed in the First Day Declaration, the Debtors commenced the Chapter 11 Cases to effectuate an orderly winding down of the Debtors' operations and to liquidate their assets in a value maximizing manner for the benefit of their creditors.

IMPAC 10241792v.8

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of the Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

## RELIEF REQUESTED

9.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of the Chapter 11 Cases, and (b) granting related relief.  The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Packable Holdings, LLC[2] and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE HOLDINGS, LLC F/K/A | ) | Case No. 22-____ (___) |
| ENTOURAGE COMMERCE, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Packable Holdings, LLC (6932); Greenpharm Ventures LLC (1513); Packable Media, LLC (6006); Pharmapacks, LLC (6676); Packable Ventures, LLC (1172); and Access Brands, LLC (8582).  The location of the Debtors' service address in these chapter 11 cases is 1985 Marcus Avenue, Suite 207, Lake Success, NY 11042.

---

[2]  Packable Holdings, LLC ("Packable") is a Delaware limited liability company and the parent holding company for four directly owned entities, Pharmapacks, LLC, Packable Media, LLC, Greenpharm Ventures LLC, and Packable Ventures, LLC, each of which is a Debtor in these Cases.  Access Brands, LLC, also a Debtor, is a wholly-owned subsidiary of Packable Ventures, LLC.

4

10.     The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

11.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Packable Holdings, LLC to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Packable Holdings, LLC, Case No. 22-____ (___); Greenpharm Ventures LLC, Case No. 22-____ (___); Packable Media, LLC, Case No. 19-11597 (___); Pharmapacks, LLC, 22-____ (___); Packable Ventures, LLC, 22-____ (___); Access Brands, LLC, 22-____ (___). The docket in Case No. 22-_____ should be consulted for all matters affecting this case.

## BASIS FOR RELIEF

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.  The six (6) Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration

> entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

14.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors.  *See, e.g.*, *In re Am. Eagle Del. Holding Co. LLC*, No. 22- 10028 (JKS) (Bankr. D. Del. Jan. 18, 2022) (directing joint administration of chapter 11 cases); *In re BHCosmetics Holdings, LLC*, No. 22-10050 (CSS) (Bankr. D. Del. Jan. 18, 2022) (same); *In re Alto Maipo Del. LLC*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 8, 2021) (same); *In re Renovate Am., Inc.*, No. 20-13172 (LSS) (Bankr. D. Del. Jan. 22, 2021) (same); *In re BC Hosp. Grp. Inc.*, No. 20-13103 (BLS) (Bankr. D. Del. Jan. 5, 2021) (same).[3]

15.     Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each Debtor entity.   The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings.  Joint administration also will allow the U.S. Trustee and all parties-in-interest to monitor these Chapter 11 Cases with greater ease and efficiency.

16.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.   Parties-in-interest will not be harmed by the relief requested; instead,

---

[3]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

parties-in-interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.

17.    Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties-in-interest.

## NOTICE

18.    The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent, Julia Frost-Davies and Marc R. Leduc, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110-1726 (Julia.Frost-Davies@morganlewis.com and marc.leduc@morganlewis.com) and Mark D. Collins and Zachary I. Shapiro, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE, 19801 (collins@RLF.com and shapiro@RLF.com); (d) the office of the attorneys general for the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19.    No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

IMPAC 10241792v.8

Dated: August 28, 2022
Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher M. Samis*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
        kgood@potteranderson.com
        astulman@potteranderson.com

- and -

Michael Klein, Esq.
Erica Richards, Esq.
Summer M. McKee, Esq.
Paul Springer, Esq.
**COOLEY LLP**
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
Email: mklein@cooley.com
        erichards@cooley.com
        smckee@cooley.com
        pspringer@cooley.com

- and -

Cullen Drescher Speckhart, Esq.
**COOLEY LLP**
1299 Pennsylvania Avenue, NW Suite 700
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
Email: cspeckhart@cooley.com

*Proposed Counsel for Debtors and Debtors in
Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE HOLDINGS, LLC F/K/A | ) | Case No. 22-____ (___) |
| ENTOURAGE COMMERCE, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1356932 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GREENPHARM VENTURES LLC | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 84-3711513 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE MEDIA, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 86-2256006 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PHARMAPACKS, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0896676 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE VENTURES, LLC, | ) | Case No. 22-____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 85-3351172 | ) | |

|  |  |
|---|---|
| In re: | Chapter 11 |
| ACCESS BRANDS, LLC, | Case No. 22-____ (___) |
| Debtor. | |
| Tax I.D. No. 86-2378582 | **Re: Docket No. _____** |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF
## CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter an order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

IMPAC 10241792v.8

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-_____ (____).

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE HOLDINGS, LLC F/K/A | ) | Case No. 22-____ (___) |
| ENTOURAGE COMMERCE, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Packable Holdings, LLC (6932); Greenpharm Ventures LLC (1513); Packable Media, LLC (6006); Pharmapacks, LLC (6676); Packable Ventures, LLC (1172); and Access Brands, LLC (8582).  The location of the Debtors' service address in these chapter 11 cases is 1985 Marcus Avenue, Suite 207, Lake Success, NY 11042.

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Packable Holdings, LLC to reflect the joint administration of these chapter 11 cases:

An order has been entered in accordance with Rule 1015(b) of the
Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the

IMPAC 10241792v.8

Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Packable Holdings, LLC, Case No. 22-____ (___); Greenpharm Ventures LLC, Case No. 22-____ (___); Packable Media, LLC, Case No. 19-11597 (___); Pharmapacks, LLC, 22-____ (___); Packable Ventures, LLC, 22-____ (___); Access Brands, LLC, 22-____ (___).  The docket in Case No. 22-_____ should be consulted for all matters affecting this case.

6.     The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases.

7.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an Order substantively consolidating their respective cases.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4

IMPAC 10241792v.8