### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PACKABLE HOLDINGS, LLC F/K/A | ) | Case No. 22-10797 (CTG) |
| ENTOURAGE COMMERCE, LLC, *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: September 29, 2022 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: September 22, 2022 at 4:00 p.m. (ET)** |

### APPLICATION OF DEBTORS TO RETAIN AND EMPLOY POTTER ANDERSON & CORROON LLP AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, EFFECTIVE AS OF THE PETITION DATE

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby file this application (the "Application") for an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Potter Anderson & Corroon LLP ("Potter Anderson") as co-counsel effective as of the Petition Date (as defined herein) pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Debtors also file the *Declaration of Christopher M. Samis of Potter Anderson & Corroon LLP in Support of Debtors' Application to Retain and Employ Potter Anderson & Corroon LLP as Co-Counsel to the Debtors and Debtors in Possession Pursuant to Section 327(a) of the Bankruptcy Code,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: Packable Holdings, LLC (6932); Greenpharm Ventures LLC (1513); Packable Media, LLC (6006); Pharmapacks, LLC (6676); Packable Ventures, LLC (1172); and Access Brands, LLC (8582). The location of the Debtors' service address in these chapter 11 cases is 1985 Marcus Avenue, Suite 207, Lake Success, NY 11042.

*Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* (the "Samis Declaration"), attached hereto as **Exhibit B**, and the *Declaration of Brian Teets in Support of Debtors' Application to Retain and Employ Potter Anderson & Corroon LLP as Co-Counsel to the Debtors and Debtors in Possession Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date* (the "Teets Declaration"), attached hereto as **Exhibit C**, and respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The legal predicates for the relief requested herein are section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

3.      Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the entry of a final order or judgment by the Court with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## GENERAL BACKGROUND

4.      On August 28, 2022 (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

5.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.      Founded in 2010, Packable Holdings, LLC ("Holdings"), together with its affiliated debtors, debtors in possession, and affiliated non-debtors (collectively, "Packable"), is a privately-owned tech-enabled e-commerce company with its principal place of business in Hauppage, New York.  Packable operates as a third-party seller of health and beauty products on online marketplaces in North America.

7.      As is further discussed in the *Declaration of Brian Teets in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 13] (the "First Day Declaration"),[2] the Debtors commenced the Chapter 11 Cases to effectuate an orderly winding down of the Debtors' operations and to liquidate their assets in a value maximizing manner for the benefit of their creditors.

8.      A detailed description of the Debtors, including their business operations, their corporate and capital structure, the events leading to the commencement of the Chapter 11 Cases, and the facts and circumstances supporting this Motion, are set forth in greater detail in the First Day Declaration and incorporated by reference herein.

## RELIEF REQUESTED

9.      By this Application, the Debtors seek to retain and employ Potter Anderson pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 as co-counsel in connection with the commencement and prosecution of the Chapter 11 Cases, effective as of the Petition Date.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

## SERVICES TO BE PROVIDED

10.    The services of Potter Anderson are necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession in the Chapter 11 Cases.  Subject to Court approval, the professional services that Potter Anderson will be required to render shall include, but shall not be limited to:

a.    Representing the Debtors in any strategic sale transactions or foreclosure proceedings;

b.    Preparing petitions, motions, applications, orders, reports, and papers necessary or desirable to commence a case under the Bankruptcy Code;

c.    Advising the Debtors of its rights, powers, and duties as debtors and debtors in possession under chapter 11 of the Bankruptcy Code;

d.    Taking action to protect and preserve the Debtors' estate, including the prosecution of actions on the Debtors' behalf, the defense of actions commenced against the Debtors in the Chapter 11 Cases, the negotiation of disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors;

e.    Preparing, on behalf of the Debtors, motions, applications, answers, orders, report, and papers in connection with the administration of the Debtors' estates;

f.    Preparing the Debtors disclosure statement and any related documents and pleadings necessary to solicit votes on the Debtors' plan of reorganization or liquidation;

g.    Prosecuting on behalf of the Debtors the proposed plan and seeking approval of all transactions contemplated therein and any amendments thereto;

h.    Appearing in Court on behalf of the Debtors;

i.    Advising the Debtors on matters in which Cooley LLP has conflicts;

j.    Providing additional administrative support to Cooley LLP, as requested; and

k.    Performing all other necessary or desirable legal services in connection with any such case under the Bankruptcy Code.

**BASIS FOR RELIEF**

11.    Under section 327(a) of the Bankruptcy Code, a debtor in possession "with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out [its] duties under this title." 11 U.S.C. § 327(a). Such employment may be based on "any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on fixed percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

12.    The Debtors seek to retain Potter Anderson because of its attorneys' extensive expertise and knowledge in the field of business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge practicing before this Court, its proximity to this Court, its ability to respond quickly to emergency hearings and other emergency matters in this Court, and because Potter Anderson's appearance before this Court for the applications, motions and other matters in the Chapter 11 Cases will be efficient and cost effective for the Debtors' estates. The Debtors believe that Potter Anderson is both well-qualified and uniquely able to represent them in the Chapter 11 Cases in an efficient and timely manner.

13.    The Debtors believe that the retention of Potter Anderson is necessary and will result in an effective and efficient representation in the Chapter 11 Cases. Potter Anderson's representation is in accordance with section 327(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides for the retention of counsel where proposed counsel does not possess any interest materially adverse to the Debtors and where counsel are disinterested persons.

14.    Accordingly, the Debtors submit that Potter Anderson's representation of the Debtors is permissible under section 327 of the Bankruptcy Code and is in the best interests of all creditors of the estates.

15.     By separate applications, the Debtors are also seeking to employ (i) Cooley LLP as lead bankruptcy counsel; (ii) Epiq Corporate Restructuring, LLC as noticing agent; and (iii) and Alvarez and Marsal North America, LLC as financial advisors to the Debtors.[3]   The Debtors understand the division of responsibility between the professionals and intend to monitor carefully these and any other professionals to ensure a clear delineation of their respective duties and roles so as to prevent duplication of efforts.  The Debtors recognize that efficient coordination of efforts among the Debtors' professionals will greatly add to the effective administration of the Chapter 11 Cases.

## PROFESSIONAL COMPENSATION

16.     Potter Anderson intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in these Chapter 11 Cases.  Subject to those provisions, the Debtors propose to pay Potter Anderson its customary hourly rates in effect from time to time as set forth in the Samis Declaration.  The Debtors submit that these rates are reasonable.

17.     The current standard hourly rates charged by Potter Anderson's professionals and paraprofessionals are as follows:

| Billing Category | Hourly Rates |
| --- | --- |
| Partners | $770-$800 |
| Counsel | $640 |
| Associates | $420-580 |
| Paraprofessionals | $305-320 |

---

[3]  The Debtors may seek to retain additional professionals should circumstances warrant.

18.     The Debtors understand that Potter Anderson's hourly rates are set at a level designed to compensate Potter Anderson fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions (which adjustments will be reflected in the first Potter Anderson application following such adjustments) and are consistent with the rates charged elsewhere.

19.     Consistent with the firm's policy with respect to its other clients, Potter Anderson will charge the Debtors for all charges and disbursements incurred in rendering services to the Debtors.  These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.  Internal costs or overhead cost and document production services (including regular secretarial and word processing time) will not be charged separately.

20.     The Debtors and Potter Anderson shortly intend to develop a prospective budget and staffing plan in a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures.

21.     Prior to the Petition Date, as set forth in greater detail in the Samis Declaration, the Debtors made the payments identified in the Samis Declaration to Potter Anderson to serve as a retainer (the "Retainer") and to cover fees and expenses actually incurred, as well as anticipated to be incurred, in connection with and in contemplation of these Chapter 11 Cases.  Prior to the Petition Date and as set forth in the Samis Declaration, Potter Anderson drew down on the Retainer in order to cover fees and expenses actually incurred as well as anticipated to be incurred through the Petition Date.  Potter Anderson has reconciled its prepetition fees and expenses, and the Debtors propose that the remainder of the Retainer paid to Potter Anderson and not expended for

prepetition services and disbursements be treated as an evergreen retainer to be held by Potter Anderson as security throughout the Chapter 11 Cases until Potter Anderson's fees and expenses are awarded by final order and payable to Potter Anderson.

22.     In this district, evergreen retainer agreements reflect normal business terms in the marketplace.  *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("[T]he practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's.").  Moreover, Potter Anderson believes that its request for approval of an evergreen retainer in these cases satisfies the five-part test articulated in *Insilco*.  First, Potter Anderson submits that the proposed terms of its engagement reflect normal business terms in the market-place.  Second, Potter Anderson submits that both it and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length.  Third, Potter Anderson believes that approval of the Retainer as an evergreen retainer is in the best interests of the Debtors' estates.  Fourth, Potter Anderson is currently unaware of any creditor opposition to the approval of the Retainer as an evergreen retainer.  Fifth, given the size, circumstances, and posture of the Debtors' Chapter 11 Cases, Potter Anderson believes approval of the Retainer as an evergreen retainer (in particular in light of the very modest size of the Retainer given the size of these cases) provides it with an appropriate level of risk minimization in connection with the payment of its prospective fees and costs in these cases.

23.     Given the extensive nature of the services that Potter Anderson will provide to the Debtors, the retention of Potter Anderson under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the restructuring of the Debtors.

24.     Other than as set forth in the Samis Declaration, no arrangement is proposed between the Debtors and Potter Anderson for compensation to be paid in these Chapter 11 Cases. Potter Anderson has informed the Debtors that, except for sharing arrangements among the partners of Potter Anderson, it has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

## BANKRUPTCY RULE 2014 DISCLOSURES AND DISINTERESTEDNESS

25.     To the best of the Debtors' knowledge, and except as is disclosed in the Samis Declaration, Potter Anderson is a "disinterested person" under section 101(14) of the Bankruptcy Code.

26.     Potter Anderson does not currently represent any entity in matters related to these Chapter 11 Cases.  Potter Anderson may represent or may have represented certain parties with interests in the Debtors' cases, on matters unrelated to these Chapter 11 Cases.  As set forth in the Samis Declaration, Potter Anderson has conducted, and continues to conduct, research into its relations with the Debtors, their creditors, their equity security holders, and other parties interested in these Chapter 11 Cases.  As part of this inquiry, Potter Anderson obtained the names of individuals or entities that may be parties-in-interest in these Chapter 11 Cases (the "Potential Parties-in-Interest").  Potter Anderson then entered the names of the Potential Parties-in-Interest into a computer database containing the names of all clients and conflict information concerning the clients of Potter Anderson.  This inquiry revealed that certain of the Potential Parties-in-Interest were current or former Potter Anderson clients (the list of such clients is referred to herein as the "Client Match List").  Through the information generated from the above-mentioned computer inquiry, and through follow-up inquiries with Potter Anderson's attorneys responsible for certain

clients listed on the Client Match List, Potter Anderson determined that any representation of the clients on the Client Match List by Potter Anderson concerned matters unrelated to these Chapter 11 Cases. All such relationships are disclosed in the Samis Declaration.

27.    While Potter Anderson has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified.  Should Potter Anderson, through its continuing efforts or as this case progresses, learn of any new connections of the nature described above, Potter Anderson will so advise the Court.

28.    Potter Anderson and certain of its members, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtors' cases in connection with matters unrelated to the Debtors and the Debtors' Chapter 11 Cases.

**RETROACTIVE RETENTION**

29.    The Debtors request approval of the employment of Potter Anderson as its co-counsel effective as of the Petition Date.  Such relief is warranted by the circumstances presented by these Chapter 11 Cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive retention.  *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986);  *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989). The complexity, intense activity and speed that have characterized these cases has necessitated that Potter Anderson, the Debtors' other professionals and the Debtors focus immediate attention on time-sensitive matters and promptly devote substantial resources to the affairs of the Debtors' pending submission and approval of the Application.

30.     Accordingly, the Debtors submit that Potter Anderson's representation of the Debtors is permissible under section 327 of the Bankruptcy Code and is in the best interests of all creditors of the estate.

## NOTICE

31.     The Debtors have provided notice of this motion to the following parties or their respective counsel:  (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent, Julia Frost-Davies and Marc R. Leduc, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA 02110-1726 (Julia.Frost-Davies@morganlewis.com and marc.leduc@morganlewis.com) and Mark D. Collins and Zachary I. Shapiro, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE, 19801 (collins@RLF.com and shapiro@RLF.com); (d) the office of the attorneys general for the states in which the Debtors operate; (e) the United States Attorney's Office for the District of Delaware; (f) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

32.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: September 8, 2022

**Packable Holdings, LLC**
(on behalf of itself and its Debtor affiliates)

By:    */s/ Brian Teets*
       Brian Teets
Title:  Chief Restructuring Officer
       Packable Holdings, LLC